Homer SKAGGS, Jr., Plaintiff-Appellee,

v.

J. H. ROSE TRUCK LINE, INC. and Transport Insurance Company, Defendants-Appellants.

No. 30316

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1970.

---

2. Report of the National Advisory Commission on Civil Disorders, p. 15 (March 1, 1968).

* ▇▇ Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

**696**

———◆———

W. K. Christovich, Christovich & Kearney, New Orleans, La., for J. H. Rose Truck Line, Inc., and Transport Insurance Co.

Frans J. Labranche, Jr., Connolly, Nowalsky, Lambert & Labranche, New Orleans, La., for Homer Skaggs, Jr.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

 In this negligence action resulting from a vehicular collision, J. H. Rose Truck Line, Inc., and Transport Insurance Company appeal after a jury awarded damages to Homer Skaggs, Jr. Appellants contend that the trial judge erroneously permitted Skaggs' attorney to argue to the jury the "golden rule" regarding damages. *See, e. g.,* Har-Pen Truck Lines, Inc. v. Mills, 5 Cir. 1967, 378 F.2d 705, 714–715; Johnson v. Colglazier, 5 Cir. 1965, 348 F.2d 420, 422–423; F. W. Woolworth Co. v. Wilson, 5 Cir. 1934, 74 F.2d 439. The record discloses no objection by appellants' counsel to the argument. Having failed to preserve this issue for appellate review, appellants have no standing to raise it. Brown & Root, Inc. v. Big Rock Corp., 5 Cir. 1967, 383 F.2d 662, 666–667; Curtis Publishing Co. v. Butts, 5 Cir. 1965, 351 F.2d 702, 713–714, aff'd, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094; *see* Colonial Refrigerated Transp., Inc. v. Mitchell, 5 Cir. 1968, 403 F.2d 541, 551–552; Fed.R.Civ.P. 46. We find appellants' other specifications of error without merit.

Affirmed.