435 F.2d 695
 Homer SKAGGS, Jr., Plaintiff-Appellee,
v.
J. H. ROSE TRUCK LINE, INC. and Transport Insurance Company,
Defendants-Appellants.
 No. 30316 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
 
 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 7, 1970.
 W. K. Christovich, Christovich & Kearney, New Orleans, La., for J. H. Rose Truck Line, Inc., and Transport Insurance Co.
 Frans J. Labranche, Jr., Connolly, Nowalsky, Lambert & Labranche, New Orleans, La., for Homer Skaggs, Jr.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this negligence action resulting from a vehicular collision, J. H. Rose Truck Line, Inc., and Transport Insurance Company appeal after a jury awarded damages to Homer Skaggs, Jr. Appellants contend that the trial judge erroneously permitted Skaggs' attorney to argue to the jury the 'golden rule' regarding damages. See, e.g., Har-Pen Truck Lines, Inc. v. Mills, 5 Cir. 1967, 378 F.2d 705, 714-715; Johnson v. Colglazier, 5 Cir. 1965, 348 F.2d 420, 422-423; F. W. Woolworth Co. v. Wilson, 5 Cir. 1934, 74 F.2d 439. The record discloses no objection by appellants' counsel to the argument. Having failed to preserve this issue for appellate review, appellants have no standing to raise it. Brown & Root, Inc. v. Big Rock Corp., 5 Cir. 1967, 383 F.2d 662, 666-667; Curtis Publishing Co. v. Butts, 5 Cir. 1965, 351 F.2d 702, 713-714, aff'd, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094; see Colonial Refrigerated Transp., Inc. v. Mitchell, 5 Cir. 1968, 403 F.2d 541, 551-552; Fed.R.Civ.P. 46. We find appellants' other specifications of error without merit.
 
 
 2
 Affirmed.